# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 10, 2021

Lyle W. Cayce
Clerk

No. 20-60412
Summary Calendar

SANJUANITA MARTINEZ PADILLA,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 793 807

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Sanjuanita Martinez Padilla, a native and citizen of Mexico, petitions for review of an immigration judge's decision affirming an asylum officer's determination that she lacked a reasonable fear of persecution or torture.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60412

To establish a reasonable fear of persecution, an alien must "establish[] a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion." 8 C.F.R. § 1208.31(c).[1] "[A] particular social group must: (1) consist of persons who share a common immutable characteristic; (2) be defined with particularity; and (3) be socially visible or distinct within the society in question." *Gonzales-Veliz v. Barr*, 938 F.3d 219, 229 (5th Cir. 2019).

Martinez Padilla claims membership in particular social groups consisting of "family members of former or current members of Cartel del Golfo" and "family members of victims of cartel violence in Mexico." However, neither group is cognizable because Martinez Padilla has failed to offer any evidence demonstrating that these groups are perceived as distinct within Mexican society. *See id.* at 232. Moreover, the proposed groups lack particularity because they could include a "wide swath of society crossing many political orientations, lifestyles, and identifying factors." *See Orellana-Monson v. Holder*, 685 F.3d 511, 521–22 (5th Cir. 2012). Finally, the proposed social group of "family members of victims of cartel violence in Mexico" is not cognizable because it is "defined by, and does not exist independently of," the persecution of its members. *See Gonzales-Veliz*, 938 F.3d at 232. Because Martinez Padilla failed to claim membership in a distinct social group, substantial evidence supports the determination that she failed to establish a reasonable fear of persecution.

---

[1] Although the Government argues that this court should apply a "facially legitimate and bona fide reason" standard rather than the substantial evidence standard in evaluating an immigration judge's reasonable fear determination, it is not necessary to determine the appropriate standard of review at this time because Martinez Padilla's claim fails even under the less deferential substantial evidence test. *See Lara-Nieto v. Barr*, 945 F.3d 1054, 1060 n.5 (5th Cir. 2019).

To establish entitlement to relief under the Convention Against Torture, an alien must prove that it is more likely than not that she will be tortured with the consent or acquiescence of public officials if she returns to the particular country in question.  8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Although Martinez Padilla argues that the immigration judge held her to a heightened standard of proof in determining that she failed to demonstrate a reasonable fear of torture, the federal regulations explicitly provide that evidence of past torture is relevant in determining whether an applicant is at risk of future torture.   8 C.F.R. § 1208.16(c)(3)(i).   Moreover, her documentary evidence regarding country conditions merely suggests that Mexico is unable to protect its citizens from criminal cartels.  But "a government's inability to protect its citizens does not amount to acquiescence."   *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). Accordingly, substantial evidence supports the determination that she failed to establish a reasonable fear of torture.

Based upon the foregoing, the petition for review is DENIED.